**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darren Karr, | No. CV-25-00317-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Jennifer Maitra, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") (Doc. 16) and Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 23) and accompanying Proposed Second Amended Complaint ("PSAC") (Doc. 25). For the following reasons, the Court **grants** Defendants' Motion and **denies** Plaintiff's Motion.

## I. BACKGROUND

The FAC alleges as follows. On February 2, 2023, Plaintiff sought medical treatment at Village Medical from Dr. Jennifer Maitra for severe hip pain. (Doc. 7 at 2.) Dr. Maitra "failed to provide adequate medical care, refused to prescribe pain relief, and delayed a referral to a specialist." (*Id.* at 3.) The next day, Plaintiff experienced "extreme pain," "was immobile," and "had to seek emergency medical care at the ER." (*Id.*) A few weeks later, Plaintiff retrieved his medical records and discovered that Dr. Maitra administered a drug test without Plaintiff's knowledge. (*Id.*) Plaintiff also discovered that he "had been prescribed a statin drug that damaged [his] leg" and "was never warned of

1    the side effects." (*Id.*)  Additionally, Plaintiff "discovered that Dr. Maitra had diagnosed
2    [him] with depression, alcoholism, and obesity" but did not inform him of these diagnoses
3    or provide a "plan of action or treatment." (*Id.*)

4        The FAC then provides: "On or around June 12, 2024, attorneys Megan Gailey
5    and/or Kelley Jancaitis—refused service of a complaint on multiple occasions, despite
6    having previously instructed [Plaintiff] that service should be directed to the firm and not
7    to Dr. Maitra or her office."[1]  (*Id.*)  Then, the FAC provides that on March 26, 2024, Gailey
8    "provided a characterization of statutory law to the Court that was materially misleading."
9    (*Id.*)  Accordingly, Plaintiff filed a complaint with the Arizona State Bar Association,
10   which was dismissed "without investigation or further action." (*Id.*)  Plaintiff's appeal of
11   that decision was also dismissed.  (*Id.*)  Then, in January 2025, Jancaitis "failed to serve
12   [Plaintiff] a court document as required by law." (*Id.*)  The FAC next provides that "[o]n
13   June 14, 2024, Ms. Jancaitis also provided [Plaintiff] with legal advice, which [Plaintiff]
14   believe[s] was in violation of Arizona law." (*Id.*)

15       The FAC then states that in January 2025, Judge Michael D. Gordon "engaged in
16   misconduct that deprived [Plaintiff of his] constitutional rights, including due process and
17   equal protection."[2]  (*Id.* at 3–4.)  The FAC provides that Judge Gordon wrongfully
18   dismissed Plaintiff's case, misapplied state law, and blocked Plaintiff's "ability to seek
19   justice." (*Id.* at 4.)  "These actions suggest judicial bias and possible collusion, shielding
20   the defendants from accountability and violating judicial ethics." (*Id.*)

21       The FAC concludes by noting that in February 2025, Plaintiff "made a good faith
22   attempt to resolve this matter by contacting the Jenifer Maitra and her legal counsel to

---

23   [1]  The FAC provides that Gailey and Jancaitis are attorneys for the law firm of Broening
24   Oberg Woods & Wilson, PC ("Broening"). (Doc 7 at 2.)  Based on other briefing in this
     case, it appears Broening represented Dr. Maitra in three lawsuits filed by Plaintiff against
25   her in state court.  (Doc 16 at 2.)  However, the FAC fails to make this clear or otherwise
     explain how the allegations against Gailey and Jancaitis are related to the allegations
26   against Dr. Maitra and Village Medical.
     [2]  The FAC provides that Judge Gordon "is a judge in in the Arizona state court system
27   whose rulings violated Plaintiff's due process rights." (Doc. 7 at 2.)  Based on other
     briefing in this case, it appears Judge Gordon presided over Plaintiff's state court cases.
28   (Doc. 16-5 at 1.)  However, the FAC fails to make this point or directly explain how the
     allegations against Judge Gordon are related to the allegations against Dr. Maitra and
     Village Medical.

propose a settlement outside of court." (*Id.*)  The "outreach was ignored, and no effort was made by the Defendants to engage in meaningful settlement discussions." (*Id.*)  Finally, Plaintiff "believe[s] the actions of some or all of the defendants were politically motivated." (*Id.*)  Based on the foregoing, Plaintiff sues Dr. Maitra, Village Medical, attorneys Gailey and Jancaitis, and Judge Gordon for violations of "42 U.S.C. § 1985(3), § 1983, and federal anti-fraud laws."[3]  (*Id.*)

Thereafter, Defendants moved to dismiss the FAC for failure to state a claim.  (Doc. 16).  In response, Plaintiff motioned for leave to file a Second Amended Complaint and filed a Proposed Second Amended Complaint ("PSAC").[4]  (Doc. 23.)

## II.  LEGAL STANDARD

### A.  Rule 15(a)(2)

Rule 15(a)(2) provides: "The court should freely give leave when justice so requires."  However, leave to amend is inappropriate if "the proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiff's suit." *Universal Mortg. Co. v. Prudential Ins. Co.*, 799 F.2d 458, 459 (9th Cir. 1986).  Therefore, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation modified).   While the Court enjoys discretion, it "must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citation modified).

The Court considers five factors when determining whether to grant leave to amend:

---

[3]  Plaintiff also sued the Arizona State Bar Association, but the Court granted Plaintiff's request to dismiss it from this case.  (Doc. 31 at 1.)

[4]  Plaintiff filed his Motion pursuant to Federal Rule of Civil Procedure ("Rule") 15(a)(2) which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  (Doc. 23 at 1.)  However, Plaintiff erroneously maintains that he has a right to amend the FAC pursuant to Rule 15(a)(1)(B) which provides that a "party may amend its pleading once as a matter of course . . . 21 days after service of a motion under Rule 12(b)."  Plaintiff filed his Motion on June 3, 2025, which was more than twenty-one days after Defendants filed its Motion on May 9, 2025.

"(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.1990). "[A] district court does not abuse its discretion in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

### B. Rule 12(b)(6)

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This notice exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility . . . .'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pleaded factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins*

*v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).  A court ordinarily may not consider evidence outside the pleadings when ruling on a Rule 12(b)(6) motion to dismiss.  *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).  "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

## III.    DISCUSSION

The Court first evaluates the PSAC.  The Court then evaluates Defendant's Motion to Dismiss.

### A. Motion for Leave to Amend

Plaintiff seeks to amend the FAC "to clarify factual allegations, streamline claims, address issues raised in Defendants' Motion to Dismiss, and remove certain defendants." (Doc. 23 at 2.)  The PSAC drops Judge Gordon as a defendant, leaving Dr. Maitra, Village Medical, and attorneys Gailey and Jancaitis.  (Doc. 25 at 1.)  The PSAC retains the § 1983 claim, drops the § 1985 and federal anti-fraud claims, and adds the following six state law claims: (1) violation of Plaintiff's right to informed consent under title 36, section 36-2271 of the of the Arizona Revised Statutes ("§ 36-2271"); (2) assault and battery; (3) intentional infliction of emotional distress ("IIED"); (4) fraudulent misrepresentation; (5) abuse of process; and (6) negligent supervision.  (*Id.* at 18–21.)  Defendant argues that amendment would be futile. (Doc. 28 at 1.)  The Court agrees.

#### 1.  *Failure to Adhere to Local Rules*

At the outset, the Court notes that Plaintiff did not follow Local Rule of Civil Procedure 15.1(a), which provides:

> A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing

or striking through the text to be deleted and underlining the text to be added. The PSAC fails to indicate "in what respect it differs from the" FAC and instead fundamentally reworks almost the entire FAC. This failure alone justifies denying Plaintiff's Motion. *See Tri-Valley CARES v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."). Still, the PSAC also suffers from the following defects.

### 2. *The § 1983 Claim*

Turning to the substance of the PSAC, the Court begins with the § 1983 claim. To state a § 1983 claim, "a plaintiff must 'plead that (1) the defendants acted under color of state law and (2) deprived plaintiff of rights secured by the Constitution or federal statutes.'" *WMX Techs., Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999) (en banc) (quoting *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986)). It would be futile to allow the PSAC to amend the § 1983 claim because it would not survive a motion to dismiss. *See Amyndas Pharms., S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 40 (1st Cir. 2022) ("Whether a proposed amendment is futile is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6)." (citation modified)). The PSAC does not establish that either Dr. Maitra, Village Medical, Gailey, or Jancaitis acted under the color of state law.

The PSAC acknowledges that the foregoing parties are private actors. (Doc. 25 at 5.) Private actors can only be said to be state actors in limited circumstances. *See Children's Health Def. v. Meta Platforms, Inc.*, 112 F.4th 742, 755 (9th Cir. 2024) (outlining the tests used to determine when a private party is state actor). The PSAC fails to establish that the mentioned Defendants "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 748 (9th Cir. 2020) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)). Instead, the PSAC merely alleges that the Defendants used and exploited state processes. (Doc. 25 at 5.) However, the mere use of

- 6 -

"state processes" is insufficient to establish "that the State is *responsible* for the specific conduct of which the plaintiff complains." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (emphasis in original). The PSAC thus fails to state a § 1983 claim.

### 3. *State Law Claims*

The Court next turns to the PSAC's remaining state law claims. The Court finds that allowing Plaintiff to file the PSAC is inappropriate for three reasons. First, Plaintiff does not offer an adequate explanation as to why the PSAC includes six new state law claims that were not present in either the Complaint or FAC. Second, without the § 1983 claim, the PSAC only includes state law claims which raises jurisdictional concerns. Third, many of the state law claims are patently futile.

### a. Previous Amendment

To start, Plaintiff already amended his complaint, which weighs against this Court granting leave to amend. *See in re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). The Ninth Circuit provides that "[l]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Id.* (citation modified). Here, Plaintiff did not raise any of the state law claims in either his Complaint or FAC. Additionally, Plaintiff fails to acknowledge or explain why he did not bring the state law claims in either the Complaint or FAC. While the PSAC provides more factual clarity—at least when compared to the FAC—it does not raise any new facts justifying the late addition of six new state law claims.

### b. Jurisdictional Issues

Additionally, the Court would lack original jurisdiction over the case without the § 1983 claim. District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Where original jurisdiction exists, the court also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Id.* § 1367(a). District courts also have diversity

1  jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value
2  of $75,000 . . . and is between . . . citizens of different States." *Id.* § 1332(a)(1).

3         Here, the Court would only have original jurisdiction over the § 1983 claim, which
4  would give the Court supplemental jurisdiction over the state law claims.  Without the
5  § 1983 claim, the PSAC only contains state law claims between non-diverse parties.  "A
6  district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all
7  claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d
8  550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)).  "In the usual case in which all
9  federal-law claims are eliminated before trial, the balance of factors to be considered under
10  the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and
11  comity—will point toward declining to exercise jurisdiction over the remaining state-law
12  claims." *Id.* (citation modified).  The Court finds these concerns exacerbated where the
13  remaining state law claims were neither raised in the Complaint nor the FAC.  Accordingly,
14  the Court would not exercise supplement jurisdiction over the state law claims.

15                      c.  Futility
16         Finally, many of Plaintiff's state law claims are futile

17                i.    Informed Consent Violation Under § 36-2271
18         Plaintiff claims that Dr. Maitra violated Plaintiff's right to informed consent under
19  § 36-2271.  Plaintiff's claim fails because § 36-2271 is plainly inapplicable in this case.
20  That statute requires written consent before surgery is performed on a minor.  *See*
21  § 36-2271.  Thus, the PSAC's § 36-2271 claim is futile.

22                ii.   Intentional Infliction of Emotional Distress
23         Plaintiff's IIED claim is similarly futile.  Under Arizona law, "one who by extreme
24  and outrageous conduct intentionally or recklessly causes severe emotional distress to
25  another is subject to liability for such emotional distress, and if bodily harm to the other
26  results from it, for such bodily harm." *Godbehere v. Phx. Newspapers, Inc.*, 783 P.2d 781,
27  785 (Ariz. 1989) (citation modified).  IIED has three elements: (1) "the conduct by the
28  defendant must be 'extreme' and 'outrageous'"; (2) "the defendant must either intend to

cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct"; and (3) "severe emotional distress must indeed occur as a result of defendant's conduct."  *Citizen Publ'g Co. v. Miller*, 115 P.3d 107, 110 (Ariz. 2005) (quoting *Ford v. Revlon, Inc.*, 734 P.2d 580, 585 (Ariz. 1987)).

Plaintiff claims that "Defendants' conduct—false diagnoses, denied care, Gailey's deliberate refusal to correct her known lie after April 2, 2024, notification, undeniable contradictory filings across state and federal courts, and exploitation of the court's failure to uphold pro se protections—was extreme and outrageous, causing severe emotional distress."  (Doc. 25 at 18.)

Plaintiff fails to plausibly allege an IIED claim.  To start, Plaintiff's allegation that he suffered from "severe emotional distress" is too conclusory to satisfy the third element of an IIED claim.  Plaintiff does not describe his emotional distress beyond labeling it as "severe."  *See Wray v. Greenburg*, 646 F. Supp. 3d 1084, 1108 (D. Ariz. 2022) ("Here, the most glaring defect in the [complaint] is the absence of factual allegations describing Plaintiffs' emotional distress.").  Additionally, Plaintiff fails to allege that any Defendant either intended, or recklessly procured, his emotional distress.  Finally, the Court questions whether Defendants' alleged conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *See Ford*, 734 P.2d at 585 (citation modified).  Thus, the PSAC's IIED claim is futile.

### iii.    Fraudulent Misrepresentation

Plaintiff's fraudulent misrepresentation claim is also futile.  Under Arizona law, claimants prove fraudulent misrepresentation by showing the following:

> "(1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) his consequent and proximate injury."

*Carrel v. Lux*, 420 P.2d 564, 568 (Ariz. 1966) (quoting *Moore v. Meyers*, 253 P. 626, 628 (Ariz. 1927).

Although unclear, it appears that the gravamen of Plaintiff's fraudulent misrepresentation claim is that Defendants' actions resulted in his state court cases being dismissed. (Doc. 25 at 19.) Plaintiff alleges that Gailey knowingly misrepresented Arizona statutory and case law in state court. (*Id.*) Plaintiff further alleges that "Maitra's false diagnoses, uncorrected by Village Medical, furthered this fraud." (*Id.*)

Plaintiff's bare allegations that Defendants committed fraud based on arguments made in state court is too conclusory to adequately plead fraudulent misrepresentation. While the PSAC roughly identifies allegedly false representations, it fails to touch upon any facts relevant to the remaining elements of a fraudulent misrepresentation claim. In particular, Plaintiff fails to adequately identify whether the state court judge relied on those statements in issuing his rulings. Additionally, Plaintiff fails to identify what injury he sustained as a result of the purported misstatements. Even assuming Plaintiff's claimed injury is the fact his cases in state court were dismissed, those cases were dismissed without prejudice. (Doc. 16-5 at 1, 5.) Plaintiff has not cited any authority demonstrating that a case being dismissed without prejudice, as is the case here, is sufficient to constitute an injury for purposes of a fraudulent misrepresentation claim. Thus, the PSAC's fraudulent misrepresentation claim is futile.

### iv.     Abuse of Process

Plaintiff's abuse of process claim is similarly futile. "[T]o establish a claim for abuse of process there must be a showing that the defendant has (1) used a legal process against the plaintiff; (2) primarily to accomplish a purpose for which the process was not designed; and, (3) harm has been caused to the plaintiff by such misuse of process." *Nienstedt v. Wetzel*, 651 P.2d 876, 881 (Ariz. Ct. App. 1982).

Again, it is unclear what the gravamen of Plaintiff's abuse of process claim is. It appears Plaintiff argues that Defendants abused process by filing a motion to dismiss with misrepresentations in it to secure dismissal of Plaintiff's state court claims. (Doc. 25 at 19.) Even assuming this is what the PSAC intends to allege, it cannot sustain an abuse of process claim.

Plaintiff does not clearly identify what legal process Defendants used against him. Plaintiff merely claims that Defendants engaged in "a willful misuse of process to secure dismissal." (*Id.*) As noted, there were multiple cases between Plaintiff and Maitra, so it is unclear what case Plaintiff is referring to. However, seeking dismissal, by itself, is not an abuse of process. Instead, Plaintiff must allege that Defendants used the judicial process "for an ulterior purpose not proper in the regular conduct of the proceedings." *Nienstedt*, 651 P.2d at 881. Plaintiff fails to do so here. And again, Plaintiff has not cited any authority demonstrating that a case being dismissed without prejudice pursuant to a motion to dismiss, as is the case here, is sufficient to constitute an injury for purposes of an abuse of process claim. Thus, the PSAC's abuse of process claim is futile.

v.    Assault and Battery

Plaintiff's assault and battery claims are also futile. Under Arizona law, "[a]n actor is subject to liability to another for battery if the actor intentionally engages in an act that results in harmful or offensive contact with the person of another." *Duncan v. Scottsdale Med. Imaging, Ltd.*, 70 P.3d 435, 438 (Ariz. 2003). "Similarly, to succeed on an assault claim a plaintiff must prove that the defendant acted with intent to cause another harmful or offensive contact or apprehension thereof, and the other person apprehended imminent contact." *Lewis v. Dirt Sports LLC*, 259 F. Supp. 3d 1039, 1044 (D. Ariz. 2017) (citation modified). "The two claims are the same except that assault does not require the offensive touching or contact." *Id.* (quoting *Garcia v. United States*, 826 F.2d 806, 809 n.9 (9th Cir. 1987)).

Plaintiff contends that Dr. Maitra committed either assault or battery based on: (1) conducting an unauthorized drug test; (2) failing to mitigate Plaintiff's pain; and (3) prescribing a statin without providing warnings of the drugs side effects. (Doc. 25 at 18.) It does not appear that Plaintiff is asserting an assault or battery claim against any other Defendant.

The PSAC's assault and battery claims are too conclusory to plausibly state a claim for relief. To start, it is unclear, and Plaintiff cites no authority suggesting, that Dr. Maitra's

alleged failure to mitigate Plaintiff's pain constitutes either assault or battery.  Simply, Plaintiff does not link this alleged failure to any harmful or offensive contact.  Nor does Plaintiff link this alleged failure to any intention to cause harmful or offensive contact.  Similarly, Plaintiff does not cite any authority suggesting that the failure to warn of certain side effects constitutes either assault or battery.  Finally, Plaintiff's allegations pertaining to the drug test are too bare to adequately plead either an assault or battery claim.  Thus, the PSAC's assault and battery claims are futile.

### vi.    Negligent Supervision

Finally, Plaintiff's negligent supervision claim is futile.   Under Arizona law, claimants prove negligent supervision by demonstrating that an "employer knew or should have known that a surgeon was not competent to provide certain care and that the employer's failure to supervise the surgeon caused injury to the plaintiff." *Rice v. Brakel*, 310 P.3d 16, 21 (Ariz. Ct. App. 2013) (citation modified).  Plaintiff's claim is futile because "[f]or an employer to be held liable for the negligent hiring, retention, or supervision of an employee, a court must first find that the employee committed a tort." *Kuehn v. Stanley*, 91 P.3d 346, 352 (Ariz. Ct. App. 2004).   For the reasons stated, the PSAC fails to adequately allege that Dr. Maitra committed a tort.    Thus, the PSAC's negligent supervision claim is futile.

At bottom, all of Plaintiff's proposed claims are subject to dismissal under Rule 12(b)(6).  Accordingly, the Court **denies** Plaintiff's Motion.

### B.  Motion to Dismiss

The Court now consider Defendants' Motion to Dismiss the FAC (Doc. 16).  As noted, the FAC asserts claims under § 1983, § 1985(3), and "federal anti-fraud laws." (Doc. 7 at 4.)  The Court first addresses Defendants' argument that the FAC should be dismissed under res judicata.  The Court then assesses each of Plaintiff's claims in turn.

### 1.  *Res Judicata*

Plaintiff argues that the FAC should be dismissed under res judicata because Plaintiff litigated similar claims against Dr. Maitra in state court.  To determine whether

state court decisions can have preclusive effect, federal courts apply that state's laws.  *See Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007).  Plaintiff's state court cases were dismissed without prejudice.  (Doc. 16-5 at 1, 5.)  Accordingly, res judicata does not apply because in Arizona, "[t]he clear weight of authority is that dismissal 'without prejudice' has no *res judicata* effect."  *Oldenburger v. Del E. Webb Dev. Co.*, 765 P.2d 531, 535 (Ariz. Ct. App. 1988); *see also Union Interchange, Inc. v. Van Aalsburg*, 432 P.2d 589, 592 (Ariz. 1967) ("A dismissal without prejudice does not go to the merits of the plaintiff's cause and does not bar plaintiff from later filing on the same cause of action.").  Accordingly, the Court assesses whether the FAC states a claim for relief, beginning with the § 1983 claim.

### 2.  *§ 1983*

The FAC's § 1983 claim fails as to Defendants Maitra, Gailey, Jancaitis, and Village Medical.  The FAC suffers from the same defects the Court identified in the PSAC—the FAC fails to adequately allege that these Defendants are state actors.  However, unlike the PSAC, the FAC also asserts a § 1983 claim against Judge Gordon.  This claim fails.  Judges are immune from § 1983 claims for functions "normally performed by a judge" such as the issuance of court orders, as is alleged here.  *See Stump v. Sparkman*, 435 U.S. 349, 362–64 (1978).  The FAC neither includes any facts, nor does Plaintiff make any argument, suggesting that judicial immunity is inapplicable here.  Accordingly, the FAC fails to state § 1983 claim against Defendants and is **dismissed with prejudice**.

### 3.  *§ 1985(3)*

The FAC's § 1985(3) claim also fails as to all Defendants.   Section 1985(3) "prohibits two or more persons from conspiring to deprive any person or class of persons of the equal protection of the law."[5]  *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th

---

[5]  The Court assumes Plaintiff does not bring a claim under either § 1985(1) or (2) because neither is remotely implicated.  Section 1985(1) "extend[s] exclusively to the benefit of federal officers."  *Canlis v. San Joaquin Sheriff's Posse Comitatus*, 641 F.2d 711, 717 (9th Cir. 1981).  Section 1985(2) "proscribes conspiracies 'to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such

Cir. 2000). "The elements of a § 1985(3) claim are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy and (3) a resulting injury." *Id.* Additionally, claims under § 1985(3) require "racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Manistee Town Ctr. v. City of Glendale*, 227 F.3d 1090, 1095 (9th Cir. 2000) ("A cause of action under the first clause of § 1985(3) cannot survive a motion to dismiss absent an allegation of class-based animus.").

It is unclear what Plaintiff's § 1985(3) claim is. Plaintiff merely alleges that Gailey "engaged in . . . conspiracy to deprive Plaintiff of his legal rights" and that Defendants were motivated by discriminatory animus. (Doc. 7 at 2.) These bare allegations are insufficient to plead a § 1985(3) claim. Plaintiff's bald assertion that Gailey engaged in conspiracy is insufficient to adequately plead that "two or more persons" conspired to deprive Plaintiff of equal protection of the law. *See* § 1985(3). Additionally, Plaintiff does not point to any authority suggesting that a case being dismissed without prejudice constitutes a deprivation of equal protection of the law for purposes of a § 1985(3) claim. Finally, even if political animus can give rise to a § 1985(3) claim, the FAC's bare allegation that "defendants were politically motivated" is insufficient to plausibly establish such animus. Accordingly, the FAC fails to state § 1985(3) claim and is **dismissed with prejudice**.

### 4.  *"Federal Anti-Fraud Laws"*

Finally, Plaintiff alleges that Defendants violated "federal anti-fraud laws." (Doc. 7 at 4.) While it is unclear what laws the FAC is referring to, the FAC does allege that Dr. Maitra engaged in "Medicare fraud." (*Id.* at 2.) While unclear, this claim might be animated by 18 U.S.C. § 1347, a criminal law forbidding defrauding Medicare. However, Plaintiff, as a private citizen, cannot enforce this statute. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially

party or witness in his person or property on account of his having so attended or testified.'" *Head v. Wilkie*, 936 F.3d 1007, 1010 (9th Cir. 2019) (quoting § 1985(2)).

cognizable interest in the prosecution or nonprosecution of another."). Accordingly, the FAC fails to state a claim for violation of federal anti-fraud laws and is **dismissed with prejudice**.

## IV.    CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED denying** Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 23).

**IT IS FURTHER ORDERED granting** Defendants' Motion to Dismiss Plaintiff's FAC (Doc. 16) and dismissing this case with prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter final judgment and terminate this case.

Dated this 1st day of December, 2025.

Honorable Susan M. Brnovich
United States District Judge